# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1998

FILED

October 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9708-CC-00322 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | FRANKLIN COUNTY |
| VS. | ) | |
| | ) | HON. THOMAS W. GRAHAM |
| LARRY ALAN MORRIS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:

VICKI FRYE-FOWLKES
116 First Avenue, N.W.
Winchester, TN  37398

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Senior Counsel
425 Fifth Avenue North
Nashville, TN  37243

J. MICHAEL TAYLOR
District Attorney General

STEVEN M. BLOUNT
Assistant District Attorney
324 Dinah Shore Blvd.
Winchester, TN  37398

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On May 15, 1997, Appellant, Larry Alan Morris, pled guilty to aggravated assault by causing serious bodily injury with the use of a deadly weapon. The parties agreed, as a part of the plea agreement, that Appellant would serve a five year sentence. The manner of service was left to the discretion of the trial court. Franklin County Circuit Court Judge, the Honorable Thomas W. Graham, sentenced Appellant to five years imprisonment on July 21, 1997. At the request of the State, the trial court noted on the judgment that the court suggested that Appellant be placed in a special needs facility. Appellant appeals from the length of his sentence and a denial of community corrections placement or other alternative sentence.

After a review of the record, we affirm the judgment of the trial court.

## FACTS

The facts presented at the sentencing hearing revealed that on June 22, 1996, Appellant was at the Estill Springs Mobile Home Park in Franklin County, drinking and hanging out with friends. An altercation arose between Appellant and the victim, Gary Taylor, due either to Mr. Taylor's lack of parking expertise or due to Mr. Taylor yelling at his father, a friend of Appellant. Each participant recounts that the other was the first to escalate to physical violence. The victim remembers hitting Appellant once or twice with a chain. Mr. Taylor's father attempted to break up the fight, but Mr. Taylor responded by telling Appellant that he was going to get a gun and blow Appellant's head off. Mr. Taylor went looking for a gun, and indeed found one, but laid it aside. Mr. Taylor then went to the

trailer where Appellant was. In response to Mr. Taylor's threats, Appellant emerged from the trailer, wielding a steak knife. The two again became entangled in an altercation. Both parties agree that Mr. Taylor jumped on Appellant, attempting to wrestle the knife from Appellant's grasp. Appellant stabbed Mr. Taylor four times, causing serious injury to Mr. Taylor's head and lung. Mr. Taylor got up, ran into the road, and collapsed.

Proof presented at the sentencing hearing showed that Appellant as a lengthy history of mental health problems, some related to alcohol and marijuana abuse. Appellant has been hospitalized several times, and doctors have prescribed antipsychotic medication. Appellant's wife testified that when not taking his medicine, Appellant was, at times, delusional, would loose his temper, and loose control of his actions. According to the presentence report, Appellant has a history of non-compliance with his treatment program.

Appellant also has a history of arrests for violent behavior, including an incident where he shot into a newly completed house after a dispute with the contractor, and an incident where he beat up a mechanic because he had improperly repaired Appellant's wife's car. Appellant has been convicted for reckless driving, driving under the influence of an intoxicant, and driving with a revoked license. At the time of this crime, charges were pending against Appellant for driving under the influence of an intoxicant, driving on a revoked license, and possession of marijuana.

When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all the relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Reform Act also provides that the trial court shall place on the record either orally or in writing what enhancement or mitigating factors it found, if any. These findings are crucial for review of the trial court's decision upon appeal.

## LENGTH OF SENTENCE

Appellant complains that he received the "maximum sentence" for his conviction. However, as a Range I offender convicted of a Class C felony the maximum sentence the Appellant could receive was six (6) years. In any event any issue with respect to the length of sentence has been waived by the entry and acceptance of Appellant's guilty plea wherein the parties agreed to a sentence of five (5) years. Under these circumstances Appellant may not appeal from the length of the sentence imposed. Tenn. R. Crim. P. 37(b)(2)(ii).

## DENIAL OF ALTERNATIVE SENTENCING

Tennessee Code Annotated §40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant having a long history of criminal conduct," the need " to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1). In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) any statement the defendant wishes to make in his own behalf about sentencing. Tenn. Code Ann.§ 40-35-210(b). In addition, the legislature established certain sentencing principles which include the following:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration, and

(6) A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

Tenn. Code Ann.§ 40-35-102.

An examination of the statutes set out above, reveal that the intent of the legislature is to encourage alternatives to incarceration in cases where defendants are sentenced as standard or mitigated offenders convicted of C, D, or E felonies. However, it is also clear that there is an intent to incarcerate those defendants whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts at rehabilitation.

As a Range I standard offender convicted of a Class C felony Appellant is presumptively entitled to some form of sentencing apart from one involving incarceration in the penitentiary. However, for the reasons discussed below a placement in the community corrections program is not one of the alternatives for which Appellant is eligible.

Community Corrections

The Community Corrections Act of 1985 established a community based alternative to incarceration for certain offenders and set out the minimum eligibility requirements for a placement in the program. Tenn. Code Ann. Sec. 40-36-101 -- 306. One of the eligibility requirements for community corrections is a non-violent crime. Tenn. Code Ann. Sec. 40-36-106(a)(3), (5), (6). Given the

nature of the crime in the instant case and Appellant's record of violent acts, he is ineligible for community corrections unless he can demonstrate that despite his general ineligibility for the program, he has "special needs" due to alcohol or drug abuse, or mental health problems and that those needs can be better served in the community rather than a correctional facility. Tenn. Code Ann. Sec. 40-36-106(c).

In this case the record reveals that Appellant does indeed have some mental health problems due to alcohol and drug abuse. However, the record also shows that community based treatment programs have failed with Appellant in the past. Appellant has a history of non-compliance with such programs. Indeed, after the offense in this case, Appellant again failed in treatment and was hospitalized after threatening his daughter and a neighbor. The trial court was entirely correct in finding that any special needs Appellant had would in fact be better served in, rather than out of, the penitentiary. Thus, it was not error to deny Appellant a placement in community corrections.

Other Alternative Sentencing

Despite his ineligibility for community corrections Appellant remains presumptively entitled to certain other forms of non-incarcerative sentencing. However, as stated earlier, this presumption may be rebutted by proof that confinement is necessary: (1) to protect society from a defendant with a long history of criminal misbehavior, (2) to avoid depreciating the seriousness of the offense, (3) to deter others who are likely to commit similar crimes, or (4) because measures less restrictive than confinement have been applied to the

defendant without success. In the matter <u>sub judice</u>, the trial court found that confinement was necessary to protect the public from Appellant's violent outbursts. This finding was based upon evidence of Appellant's inability to control his temper, to responsibly follow a course of psychiatric treatment, and to control his alcohol consumption.

The trial court further found that confinement is necessary to avoid depreciating the seriousness of the offense. The trial court noted that Appellant used a deadly weapon in inflicting serious injury that nearly killed his victim. The court also indicated that Appellant's repeated failure to successfully complete or maintain treatment for his alcohol and mental problems demonstrates that measures less restrictive than confinement have not been successful in rehabilitating Appellant. Upon this evidence, the trial court found that Appellant was not a suitable candidate for alternative sentencing. We agree.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE